AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of | **UNDER SEAL** |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) ) Case No. 1:22-SW-58 |
| 2504 Manor Drive Apt. 1D Fredericksburg , VA 22401 | ) ) ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A.

located in the _____ Eastern _____ District of _____ Virginia _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(o) | (possession of unregistered machineguns) |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jose J. Oquendo, Special Agent, ATF
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means).*

Date: _____ 01/27/2022 _____

_____
*Judge's signature*

City and state:  Alexandria, VA

The Honorable Theresa C. Buchanan
_____
*Printed name and title*

## ATTACHMENT A-1

*Place to be searched*

The property to be searched is **2504 Manor Drive, Apt. 1D, Fredericksburg, VA 22401**, in the Eastern District of Virginia.  **2504 Manor Drive, Apt. 1D, Fredericksburg, VA 22401** is an apartment with a black door labeled 1D.  The apartment is located on the first floor and has a sliding rear glass door.  The apartment is located within the apartment building with the numbers 2504 listed on the front of the building.



## ATTACHMENT B-1

*Items to be Seized*

All items constituting evidence and/or instrumentalities of violations of 18 U.S.C. § 922(o) (transfer or possess a machinegun) and 26 U.S.C. § 5861 (possession of an unregistered firearm), including, but not limited to, the following:

a. Firearms, including, but not limited to, firearms parts, accessories, holsters, and ammunition

b. U.S. currency and other illicit gains from the distribution of firearms;

c. Books, records, receipts, notes, ledgers, and other papers including any computerized or electronic records including cellular telephones, relating to the ordering, purchase or possession of firearms;

d. Address and/or telephone books and papers, including computerized or electronic address and/or telephone records reflecting names, addresses and/or telephone numbers;

e. Books, records, receipts, bank statements, and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safety deposit box keys and any other items evidencing the obtaining, secreting, transfer, concealment, storage and/or expenditure of money or other assets including, but not limited to, firearms and/or firearm parts;

f. Documents and papers evidencing ownership of firearms, possession of firearms, storage and location of such assets and facilities to safely store and secure such items, such as safes, to include lock boxes, gun safes, and strong boxes;

g. Photographs, in particular, photographs of firearms and/or firearm parts and photographs of individuals possessing firearms and/or controlled substances and photographs showing the association of individuals;

h. Indicia of occupancy, residence, and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, cancelled envelopes, and keys;

i. Firearm manufacturing equipment and tools i.e. drills, lathe, and grinder.

For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the COMPUTER user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

27

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of **2504 Manor Drive, Apt. 1D, Fredericksburg, VA 22401,** described in Attachment A-1, law enforcement personnel are authorized to press the fingers (including thumbs) and faces of individuals found in **2504 Manor Drive, Apt. 1D, Fredericksburg, VA 22401** to the Touch ID or Face ID sensor of cellular phones found at **2504 Manor Drive, Apt. 1D, Fredericksburg, VA 22401** for the purpose of attempting to unlock the device via Touch ID or Face ID in order to search the contents as authorized by this warrant.

## ATTACHMENT A-2

*Place to be searched*

The property to be searched is **3662 Jefferson Davis Highway, Unit 86, Fredericksburg, VA 22408**, in the Eastern District of Virginia.   **3662 Jefferson Davis Highway, Unit 86, Fredericksburg, VA 22408** is a storage unit with a tan door labeled 86.  The storage unit is located within a building labeled "Q" within the storage unit facility.




29

**ATTACHMENT B-2**

*Items to be Seized*

All items constituting evidence and/or instrumentalities of violations of 18 U.S.C. § 922(o) (transfer or possess a machinegun) and 26 U.S.C. § 5861 (possession of an unregistered firearm), including, but not limited to, the following:

a. Firearms, including, but not limited to, firearms parts, accessories, holsters, and ammunition

b. U.S. currency and other illicit gains from the distribution of firearms;

c. Books, records, receipts, notes, ledgers, and other papers including any computerized or electronic records including cellular telephones, relating to the ordering, purchase or possession of firearms;

d. Address and/or telephone books and papers, including computerized or electronic address and/or telephone records reflecting names, addresses and/or telephone numbers;

e. Books, records, receipts, bank statements, and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safety deposit box keys and any other items evidencing the obtaining, secreting, transfer, concealment, storage and/or expenditure of money or other assets including, but not limited to, firearms and/or firearm parts;

f. Documents and papers evidencing ownership of firearms, possession of firearms, storage and location of such assets and facilities to safely store and secure such items, such as safes, to include lock boxes, gun safes, and strong boxes;

g. Photographs, in particular, photographs of firearms and/or firearm parts and photographs of individuals possessing firearms and/or controlled substances and photographs showing the association of individuals;

h. Indicia of occupancy, residence, and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, cancelled envelopes, and keys;

i. Firearm manufacturing equipment and tools i.e. drills, lathe, and grinder.

30

For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the COMPUTER user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of **3662 Jefferson Davis Highway, Unit 86, Fredericksburg, VA 22408,** described in Attachment A-2, law enforcement personnel are authorized to press the fingers (including thumbs) and faces of individuals found in **3662 Jefferson Davis Highway, Unit 86, Fredericksburg, VA 22408** to the Touch ID or Face ID sensor of cellular phones found at **3662 Jefferson Davis Highway, Unit 86, Fredericksburg, VA 22408** for the purpose of attempting to unlock the device via Touch ID or Face ID in order to search the contents as authorized by this warrant.

32

**ATTACHMENT A-3**

*Property to be searched*

The property to be searched is a **2007 Blue Jeep Wrangler bearing Virginia license plate ULD9457 and vehicle identification number 1J4GA59137L118552**.



**ATTACHMENT B-3**

*Items to be Seized*

All items constituting evidence and/or instrumentalities of violations of 18 U.S.C. § 922(o) (transfer or possess a machinegun) and 26 U.S.C. § 5861 (possession of an unregistered firearm), including, but not limited to, the following:

a. Firearms, including, but not limited to, firearms parts, accessories, holsters, and ammunition

b. U.S. currency and other illicit gains from the distribution of firearms;

c. Books, records, receipts, notes, ledgers, and other papers including any computerized or electronic records including cellular telephones, relating to the ordering, purchase or possession of firearms;

d. Address and/or telephone books and papers, including computerized or electronic address and/or telephone records reflecting names, addresses and/or telephone numbers;

e. Books, records, receipts, bank statements, and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safety deposit box keys and any other items evidencing the obtaining, secreting, transfer, concealment, storage and/or expenditure of money or other assets including, but not limited to, firearms and/or firearm parts;

f. Documents and papers evidencing ownership of firearms, possession of firearms, storage and location of such assets and facilities to safely store and secure such items, such as safes, to include lock boxes, gun safes, and strong boxes;

g. Photographs, in particular, photographs of firearms and/or firearm parts and photographs of individuals possessing firearms and/or controlled substances and photographs showing the association of individuals;

h. Indicia of occupancy, residence, and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, cancelled envelopes, and keys;

i. Firearm manufacturing equipment and tools i.e. drills, lathe, and grinder.

34

For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the COMPUTER user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the **2007 Blue Jeep Wrangler bearing Virginia license plate ULD9457 and vehicle identification number 1J4GA59137L118552,** described in Attachment A-3, law enforcement personnel are authorized to press the fingers (including thumbs) and faces of individuals found in the **2007 Blue Jeep Wrangler bearing Virginia license plate ULD9457 and vehicle identification number 1J4GA59137L118552** to the Touch ID or Face ID sensor of cellular phones found in the **2007 Blue Jeep Wrangler bearing Virginia license plate ULD9457 and vehicle identification number 1J4GA59137L118552** for the purpose of attempting to unlock the device via Touch ID or Face ID in order to search the contents as authorized by this warrant.

## ATTACHMENT A-4

*Property to be searched*

The property to be searched is a **2012 Blue Hyundai Elantra bearing Virginia license plate WYL8162 and vehicle identification number KMHDH4AE9CU449438**.



**ATTACHMENT B-4**

*Items to be Seized*

All items constituting evidence and/or instrumentalities of violations of 18 U.S.C. § 922(o) (transfer or possess a machinegun) and 26 U.S.C. § 5861 (possession of an unregistered firearm), including, but not limited to, the following:

a. Firearms, including, but not limited to, firearms parts, accessories, holsters, and ammunition

b. U.S. currency and other illicit gains from the distribution of firearms;

c. Books, records, receipts, notes, ledgers, and other papers including any computerized or electronic records including cellular telephones, relating to the ordering, purchase or possession of firearms;

d. Address and/or telephone books and papers, including computerized or electronic address and/or telephone records reflecting names, addresses and/or telephone numbers;

e. Books, records, receipts, bank statements, and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safety deposit box keys and any other items evidencing the obtaining, secreting, transfer, concealment, storage and/or expenditure of money or other assets including, but not limited to, firearms and/or firearm parts;

f. Documents and papers evidencing ownership of firearms, possession of firearms, storage and location of such assets and facilities to safely store and secure such items, such as safes, to include lock boxes, gun safes, and strong boxes;

g. Photographs, in particular, photographs of firearms and/or firearm parts and photographs of individuals possessing firearms and/or controlled substances and photographs showing the association of individuals;

h. Indicia of occupancy, residence, and/or ownership of the premises described herein, including, but not limited to, utility and telephone bills, cancelled envelopes, and keys;

i. Firearm manufacturing equipment and tools i.e. drills, lathe, and grinder.

For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the COMPUTER user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

39

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

During the execution of the search of the **2012 Blue Hyundai Elantra bearing Virginia license plate WYL8162 and vehicle identification number KMHDH4AE9CU449438**, described in Attachment A-4, law enforcement personnel are authorized to press the fingers (including thumbs) and faces of individuals found in the **2012 Blue Hyundai Elantra bearing Virginia license plate WYL8162 and vehicle identification number KMHDH4AE9CU449438** to the Touch ID or Face ID sensor of cellular phones found in the **2012 Blue Hyundai Elantra bearing Virginia license plate WYL8162 and vehicle identification number KMHDH4AE9CU449438** for the purpose of attempting to unlock the device via Touch ID or Face ID in order to search the contents as authorized by this warrant.

40